Leonard R. McGUIRE,
Plaintiff–Appellant,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant–Appellee.

No. 89–1669.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 19, 1990.

Decided April 16, 1990.

---

Gerald Benjamin (argued), Levine, Benjamin, Tushman, Bratt, Jerris & Stein, Southfield, Mich., for plaintiff-appellant.

Donna Morros Weinstein, Chief Counsel, Gregory J. Guckenberger, Dept. of Health and Human Services, Chicago, Ill., Pamela J. Thompson, Asst. U.S. Atty., Detroit, Mich., for defendant-appellee.

Before KENNEDY and GUY, Circuit Judges, and ENGEL, Senior Circuit Judge.

## PER CURIAM.

This is an appeal by attorney Gerald Benjamin from a reduction in attorney fees claimed after Benjamin successfully represented a claimant in a social security disability benefits case. Benjamin and the claimant were parties to a twenty-five percent contingent fee contract. The benefits awarded amounted to $21,924.50, and Benjamin claimed a fee of $3,969.50, supported by recapitulated time records indicating 31¾ hours of work.[1] This results in an

hourly rate, if one is computed, of $125 per hour. The district court found the time spent to be reasonable, but only awarded $3,175. In its order, the court stated:

It should be noted that the amount, which has been approved by this Court, is less than that requested by McGuire's counsel. While this Court believes that the time, which was expended by Benjamin on behalf of his client, was reasonable, the standard rate of fees for attorneys within this geographical area for work in a case of this kind is $100.00 per hour.

Neither the Secretary nor the claimant contested the fees originally claimed by Benjamin. The Secretary has filed no brief on appeal and has indicated that there is still no objection to the original fee request.

This case is a companion case to *Royzer v. Secretary of Health and Human Services*, 900 F.2d 981 (6th Cir.1990), decided this date, involving attorney Benjamin and a similar fee reduction request. We reversed in *Royzer* and we believe the opinion in that case is controlling here. Accordingly, the judgment of the district court is REVERSED and the matter is REMANDED for the entry of a fee award in the amount originally claimed.

ENGEL, Senior Circuit Judge, concurring.

While I dissented in the companion case of *Royzer v. Secretary of HHS*, 900 F.2d 981, decided this case date, I concur in the reversal here. The first most obvious difference in my judgment is in the specific language of the contract here, which fixes the rate at twenty-five percent of the recovery and evidences the wage earner's specific written consent to that amount. More important, I agree that where there is such a contract in effect, the sense of *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir., 1989) en banc and, indeed, the language of the majority opinion in *Royzer* leads to the

---

1. The fee sought by Benjamin computes to only eighteen percent of the accrued benefits *ultimately* received by the claimant. This is explained by regulations promulgated by the Secretary as to the cut-off point for computing attorney fees, as well as our decision in *Webb v.*

*Richardson*, 472 F.2d 529, 538 (6th Cir.1972), where we held: "In no event should the fee exceed 25% of the past-due benefits that would have been due if judgment had been rendered within three months of the submission of the Secretary's reply brief...."

conclusion that the trial judge abused his discretion in seeking to affix a flat $100 per hour rate for all Social Security cases regardless of the increment used to compute time billed, of the result, and of the efficiency of the attorney involved. It is no secret that some attorneys can accomplish in one hour more benefit for their client than other attorneys can achieve in five. The calculation of a flat across-the-board fee to apply to all cases and to all attorneys simply represents judicial legislation rather than the exercise of judicial discretion which is tailored to the facts of each case. That exercise, informed by the deference which *Rodriquez* holds is due to executed contingent fee contracts, is the function of the trial court in fixing attorney fees in this type of case.